UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRONTIE O'NEAL,

                           Plaintiff,                               **REPORT AND**
                                                                                   **RECOMMENDATION**
                -against-                                     16-CV-4318 (GRB) (ARL)

WARDEN CHARLES EWALD, et al.,

                           Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the defendants' renewed motion to dismiss this case based upon the *pro se* plaintiff's persistent failure to comply with the orders of this Court and to prosecute this case. For the reasons set forth below, the undersigned respectfully recommends that the defendants' motion be denied but that the plaintiff be precluded from introducing exhibits at trial other than what the defendants list in their portion of the pretrial order and witnesses other than the two witnesses identified in ECF No. 171.

## BACKGROUND

      By way of background, the incarcerated *pro se* plaintiff, Brontie O'Neal ("O'Neal"), commenced this civil rights action on August 1, 2016, alleging that he was beaten by his fellow inmates after an officer told them that he had beaten an 83-year old white woman. ECF No. 1. O'Neal claims he was severely injured because the defendants are indifferent to his security and are now ignoring his serious medical needs. *Id.* The defendants filed their answer in February 2017. However, before they did, O'Neal filed several motions with the Court, including a motion to disqualify defendants' counsel and a motion for the appointment of counsel, which were denied by then-District Judge Bianco. ECF Nos. 20, 21. Nevertheless, in late February, then-Magistrate Judge Brown established the first scheduling order in this case requiring that

discovery be complete by August 28, 2017.  ECF No. 33.

Between February 2017 and October 2017, the parties were actively engaged in litigation at which point Judge Bianco issued an order addressing motions that had been filed in this case as well as in seven other actions O'Neal had filed with the Court.  ECF No. 78.  Upon receipt of the decision, O'Neal filed an amended complaint.  ECF No. 80.  Following that filing, O'Neal sent five additional letters to the Court, however, none of the letters complied with Judge Brown's scheduling order.  Accordingly, by order dated April 20, 2018, Judge Brown required the parties to submit a joint status letter.

In response to the April 20 order, O'Neal filed an order to show cause "for assault by gang inmates." ECF No. 88.  On June 6, 2018, Judge Brown issued a report recommending that the order to show cause be denied.  In that report, Judge Brown noted that having failed to prosecute the case for nearly six months, O'Neal filed a motion for an Order to Show Cause seeking remedies for allegations not set forth in the Amended Complaint and unrelated to this action.  At the same time, Judge Brown issued a revised scheduling order requiring the parties to take the first step in the dispositive motion process and to file a proposed joint pretrial order by July 9, 2018.

Between July 2018 and January 2019, O'Neal filed numerous additional motions at which point he was advised that no further requests for discovery or motions would be considered unless and until he signed HIPPA authorizations that had been requested by the defendants.  The Court also stayed the matter for all purposes until such time as O'Neal signed those authorizations.  Despite the Court's order, no action was taken.  As such, by order dated May 17, 2019, Judge Brown extended the deadline for filing the joint pretrial order for a third time.  Once again, nothing was filed.  Accordingly, Judge Brown directed defense counsel to file

the proposed joint pretrial order by September 30, 2019 or risk the imposition of sanctions, including preclusion of evidence at trial.

By letter dated September 27, 2019, counsel for the defendants advised the Court that they had not received any proposed order or other proposal from O'Neal and were therefore unable to submit a joint proposed pretrial order. ECF No. 117. Three days later, the Court received a letter from O'Neal that included a list of "claims" and "affirmative defenses." ECF No. 118. Since the submission failed to comply with the District Judge's individual rules, Judge Brown issued the following order:

> By 10/31/19 Plaintiff is directed to file HIS PORTION of the proposed pretrial order in conformity with Judge Azrack's rules[1]: 1. The full caption of the action. 2. The names, addresses (including firm names), and telephone and fax numbers of trial counsel. 3. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed. 4. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters, but including citations to all statutes relied on. The parties shall identify all claims and defenses previously asserted which are not to be tried. 5. Any stipulations of fact or law that have been agreed to by all parties. 6. A statement regarding damages and other relief sought. 7. A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount. 8. Names of all witnesses (fact and expert), together with a brief narrative statement of the expected testimony of each witness and an indication whether the witness will testify in person or by deposition. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown. 9. Schedule of exhibits to be offered in evidence by each party. To the extent practicable, counsel should identify any anticipated objections to an opposing party's exhibits. Exhibits admitted by stipulation are to be designated as such. Only exhibits listed shall be offered in evidence except when prompt notice has been given and good cause shown. 10. A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations. 11. A statement as to whether all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).

---

[1] By this point, the case had been reassigned to Judge Azrack.

3

Judge Brown warned O'Neal that failure to comply with that order could result in a report and recommendation that the case be dismissed for failure to prosecute.

Shortly thereafter, Judge Brown held a conference with the parties and ordered the defendants to respond to O'Neal's discovery requests regarding video footage of the relevant events. ECF No. 126. The defendants turned over video footage on November 15, 2019. However, by this point, the parties still had not complied with the Court's orders regarding the joint pretrial order. Accordingly, Judge Brown, once again, directed O'Neal to file his portion of the pretrial order by January 31, 2020. This pattern continued throughout 2020. In addition, by June, several orders mailed to O'Neal were being returned to the Court since O'Neal had failed to keep the Court apprised of his mailing address.

Nonetheless, O'Neal continued to file applications with the Court but to ignore the orders regarding the pretrial order. Ultimately, in March 2021, District Judge Brown referred several motions to the undersigned.[2] Upon receipt of the referral, the undersigned entered an order denying the plaintiff's motion for the appointment of counsel as previously ruled upon; denying the plaintiff's request to schedule a mediation; and directing the plaintiff to provide counsel for the defendants with his portion of the joint pretrial order following the guidelines previously provided to him in Judge Brown's December 9, 2019 order by April 9, 2021. O'Neal was again warned that failure to comply with the order could result in a recommendation of sanctions, including, but not limited to, a recommendation that the case be dismissed with prejudice for failure to prosecute and to comply with court orders pursuant to F. R. Civ. P. 37 and 41.

In response to that order, O'Neal submitted a document entitled "Statement of Facts," which appeared to be a summary of his claims and defenses but nothing else. Upon receipt of

---

[2] The case was reassigned to District Judge Brown and the undersigned in January 2020.

that submission, the defendants filed a motion seeking to dismiss the complaint due to O'Neal's failure to appear for a deposition rather than his failure to comply with the order directing him to file the pretrial order. According to defense counsel, although it was unclear from the docket sheet, in January 2020, Judge Brown had issued an order extending the defendants' time to submit their portion of the pretrial order until fourteen days after O'Neal appeared for a deposition. For over a year, O'Neal would not confirm a date to do so. Accordingly, the defendants were directed by the undersigned to propose two dates for O'Neal's virtual deposition. O'Neal chose a date and was provided with Zoom instructions but once again failed to appear. As a result, the defendants requested that the Court conduct a status conference. That request was denied. But the Court issued an order providing O'Neal with one final opportunity to appear for a virtual deposition on or before April 30, 2021, which he did.

Pursuant to April 7, 2021 order, the Court also directed O'Neal to provide counsel for the defendants with a revised proposed pretrial order following the guidelines previously provided to him in Judge Brown's December 9, 2019 order. Rather than providing the defendants with a proposed pretrial order compliant with Judge Brown's guidelines, O'Neal submitted two different documents which purport to be his portion of the pretrial order – ECF Nos. 169 and 171. ECF No. 169 includes a statement as to whether the case is to be tried with or without a jury and some of the claims and defenses that O'Neal has asserted. ECF No. 171 sets forth the names of two witnesses. Both documents include argument that does not belong in a pretrial order and is hard to decipher. Finally, by a third letter dated May 21, 2021, O'Neal then accused defense counsel of "hysterical blindness" and added some additional items to be included in the joint pretrial order.

Despite the three submissions, the Court agreed with the defendants that those

5

submissions did not comply with the undersigned's April 7, 2021 order. Indeed, the defendants could not prepare the standard joint pretrial order given O'Neal's piecemeal approach. However, given his *pro se* status, the Court provided O'Neal with an opportunity to make one final attempt to correct his submission by June 15, 2021. In fact, the Court's June 1, 2021 order set forth specific examples of what was missing from the submissions. ECF No. 174. As it had done in the past, the Court warned O'Neal that failure to comply with the June order would result in the undersigned recommending that the case be dismissed for failure to comply with the Court's orders pursuant to Fed. R. Civ. P. 37.

In response to the order, O'Neal served the defendants with two documents in a single docket entry, ECF No. 176, which lack much of the required information and primarily discuss a wholly unrelated class action litigation against the County of Suffolk regarding living conditions at the Suffolk County Correctional Facility.

## DISCUSSION

Under Rule 37 of the Federal Rules of Civil Procedure, the Court may dismiss the complaint for a plaintiff's failure to comply with the Court's discovery order. See Fed. R. Civ. P. 37(b)(2)(A)(v). In deciding whether to impose sanctions under Rule 37, the undersigned must considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y.2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849 (2d Cir.1995)). The Second Circuit has made clear that dismissal under Rule 37 should be imposed only in extreme circumstances. *See Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986). However, the sanction may be

6

imposed even against a *pro se* plaintiff so long as the plaintiff has been warned that noncompliance can result in dismissal. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

Similarly, Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss, courts examine the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). As with Rule 37, this rule applies to both represented parties as well as *pro se* litigants. *Id.*

In this case, O'Neal has been cautioned numerous times that if he failed to respond to the Court's orders, he would run the risk of the undersigned recommending that his case be dismissed. O'Neal has disregarded the Court's clear instructions with respect to the joint pretrial order and has instead filed documents of his own choosing. While the Court has attempted to foster completion of a pretrial order that complies with the District Judge's individual rules for years, the Court has not succeeded due to O'Neal's willful noncompliance. Nonetheless, the defendants will be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive. However, rather than imposing the harsh remedy of dismissal, the undersigned finds that a lesser sanction is more appropriate. Therefore, the undersigned respectfully recommends that the defendants' motion be denied but that the plaintiff be precluded from introducing exhibits at trial other than what the

7

defendants list in their portion of the pretrial order and witnesses other than the two witnesses identified in ECF No. 171.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for defendants is directed to serve a copy of this Order upon O'Neal immediately upon receipt and file proof of service on ECF.

Dated: Central Islip, New York
       August 18, 2021

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge