FILED
CLERK
11:43 am, Sep 23, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

BRONTIE O'NEAL,

                        Plaintiff,

-against-

WARDEN CHARLES EWALD, et al.,

                        Defendants.

----------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 16-4318 (GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

*Pro se* plaintiff Brontie O'Neal, a frequent litigant in this Court, brings this action against the warden of the facility in which he is or was housed, along with a doctor and nurse employed therein, claiming that he was attacked by fellow inmates after guards advised them that he was convicted of beating an 83-year old woman[1] and were subsequently indifferent to his medical needs. Presently before the Court is the Report and Recommendation dated August 18, 2021 of Judge Arlene R. Lindsay, Docket Entry ("DE") 180, in connection with the renewed motion by defendants to dismiss under Fed. R. Civ. P. 41 based upon plaintiff's failure to prosecute this case diligently and repeated and persistent non-compliance with Court Orders in this matter, DE 179. The Court has carefully reviewed the thorough report by Magistrate Judge Lindsay, which recommends a preclusion sanction, as well as the record of the case. While the Court readily adopts the factual findings by Judge Lindsay as well as the conclusion that a sanction is warranted,

---

[1] In a remarkable, though irrelevant, turn, an unrepentant O'Neal filed claims against the 83-year old victim whom he admitted assaulting under oath. *See O'Neal v. E. Hampton Town*, No. 16-0570 (JFB)(GRB), 2017 WL 4174788, at *7 (E.D.N.Y. 2017), *adopted sub nom. O'Neal v. Spota*, 2017 WL 4162307 (E.D.N.Y. 2017), *aff'd,* 744 F. App'x 35 (2d Cir. 2018).

1

the Court differs as to the appropriate sanction to be employed. As such, the Report and Recommendation is adopted in part, and the case is dismissed for failure to prosecute and willful noncompliance with Court orders.

**Standard of Review**

In reviewing a Report and Recommendation ("R&R"), the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In absence of objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice'") (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the factual and procedural findings in the thorough R&R in their

2

entirety. Furthermore, the Court accepts the recommendation that sanctions are warranted. The nature of those sanctions, though, require further consideration.

## Discussion

### *Plaintiff's Prodigious Litigation Background*

This is far from Mr. O'Neal's first experience with federal litigation; indeed, he has vast experience litigating his own cases and having cases dismissed for failure to comply with rules and court directives. His unremitting filing of *pro se* claims has resulted in a weighty, disquieting catalog of published decisions. *See, e.g., O'Neal v. Spota,* 744 F. App'x 35, 36–37 (2d Cir. 2018); *O'Neal v. New York,* 465 F. Supp. 3d 206 (E.D.N.Y. 2020) (habeas petition which included claims for tort damages); *O'Neal v. McGuire,* No, 18-CV-5506 (JFB)(GRB), 2019 WL 2013775 (E.D.N.Y. May 6, 2019); *O'Neal v. Spota*, No. 16-CV-579 (JFB)(GRB), 2017 WL 118044 (E.D.N.Y. Jan. 12, 2017); *O'Neal*, 2017 WL 4174788, at *1. Remarkably, and in seeming contravention of law, his advocacy has extended beyond his own claims; though he is not, to this Court's knowledge, an attorney, O'Neal has purportedly "represented" other *pro se* litigants. *Beckman v. James Pena Ayan Grp., Inc.,* No. 21-CV-4374 (JS)(AKT), 2021 WL 3709234, at *1 (E.D.N.Y. Aug. 20, 2021) (observing that pleadings bore the caption "Represented by Brontie O'Neal"); *Malone v. Byrns*, 18-CV-6164 (JMA)(ARL), 2019 WL 1471088 (E.D.N.Y. Apr. 3, 2019) (describing involvement in preparing pro se status report by O'Neal, a frequent litigator in this Court"). O'Neal had an appeal dismissed by the Second Circuit Court of Appeal, which ruled:

> O'Neal's brief does not challenge the substance of the district court's January 12, 2017 dismissal of his claims against the county defendants or its September 19, 2017 order adopting the magistrate judge's recommendation to dismiss O'Neal's claims against the town and individual defendants. Nor does his brief identify any issues on appeal, set forth coherent arguments, or cite the record or legal authority, as required under Rule 28. Despite the "latitude" we afford pro se litigants, O'Neal's failure to comply with Rule 28 is fatal to his appeal.

> Additionally, O'Neal waived his right to judicial review of the magistrate judge's report and recommendation ("R & R") by failing to timely object. This rule applies to pro se litigants if the magistrate judge expressly warns a pro se litigant that a failure to timely object will waive further judicial review and cites relevant statutory and civil rules authority. Because O'Neal did not object to the magistrate judge's R&R recommending dismissal of his claims against the town and individual defendants despite having received an express warning about the consequences of his failure to do so, these claims are waived.

*O'Neal v. Spota,* 744 F. App'x 35, 36–37 (2d Cir. 2018) (alterations omitted). In 2019, then-District Judge Joseph Bianco denied O'Neal's motion for *in forma pauperis* status under the "three-strikes" provision of 28 U.S.C. §1915(g), noting that plaintiff "has at least four disqualifying actions" and commenting upon "plaintiff's history of vexatious litigation." *O'Neal v. McGuire*, 2019 WL 2013775, at *2 (E.D.N.Y. 2019). O'Neal has, in still other cases, been frequently warned of the consequences of non-compliance. *See, e.g. O'Neal v. Spot*a, 2017 WL 118044 (E.D.N.Y. 2017) ("If plaintiff again fails to plead sufficient facts in his amended complaint, or if he fails to file an amended complaint within thirty (30) days, he will not have another opportunity to re-plead, and the Court will enter judgment").

All of this history proves relevant in determining the proper disposition of the instant action.

### *Conduct in the Instant Action*

The detailed recitation of O'Neal's conduct – and misconduct – in this case set forth in Judge Lindsay's Report and Recommendation (familiarity with which is assumed) is incorporated by reference herein. Judge Lindsay describes the litany of non-compliance by O'Neal, as well as the Herculean -- if ultimately fruitless -- efforts by judges of this Court, as well as defendants' counsel, to obtain cooperation from O'Neal in the reasoned litigation of this matter. Paradoxically, O'Neal seemed disinclined to comply with deadlines and direction, yet would regularly barrage

the Court and adversaries with motions and applications that were entirely inappropriate, irrelevant and immaterial.  Indeed, for nearly two years, the Court and counsel have unsuccessfully endeavored to obtain his participation in submitting a pre-trial order, such that the matter could be set down for trial, which gives rise to the instant motion.  DE 179.  As Judge Lindsay notes, plaintiff was repeatedly "warned that failure to comply with the order could result in a recommendation of sanctions, including, but not limited to, a recommendation that the case be dismissed with prejudice for failure to prosecute and to comply with court orders pursuant to Fed. R. Civ. P. 37 and 41."  DE 180 at 4.  Notwithstanding many failures, Judge Lindsay repeatedly granted O'Neal extensions, always careful to repeat the admonishments concerning potential consequences.  *Id.*  The warnings had little effect.

Judge Lindsay summarized plaintiff's egregious conduct and the very real impact of this conduct on the Court and the defendants:

> In this case, O'Neal has been cautioned numerous times that if he failed to respond to the Court's orders, he would run the risk of the undersigned recommending that his case be dismissed.  O'Neal has disregarded the Court's clear instructions with respect to the joint pretrial order and has instead filed documents of his own choosing.  While the Court has attempted to foster completion of a pretrial order that complies with the District Judge's individual rules for years, the Court has not succeeded due to O'Neal's willful noncompliance.  Nonetheless, **the defendants will be substantially prejudiced should this case remain open, to say nothing of the need to alleviate court congestion where the plaintiff has been nonresponsive.**

*Id.* at 7 (emphasis added).  Judge Lindsay properly concludes that O'Neal's conduct warrants the imposition of sanctions, and that the sanction of dismissal under Rules 37 and 41, under the standards articulated by the Second Circuit, would not be inappropriate.  *Id.* (citing *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008)) and *Nieves v. City of New*

*York,* 208 F.R.D. 531, 535 (S.D.N.Y.2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849 (2d Cir.1995)).

Rather than dismissal, which she correctly notes should be reserved for "extreme circumstances," *id.* (citing *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986)), Judge Lindsay recommends preclusion of evidence. Specifically, she recommends that the case be allowed to proceed to trial, but that O'Neal not be allowed to submit any exhibits (other than those identified by defendants) and only be permitted to call two witnesses identified in DE 170.[2]

However, Judge Lindsay's largesse discounts two factors. The first is plaintiff's extensive history of frivolous litigation.[3] While misdeeds in other cases are not a basis for dismissal here, the numerous warnings and notice he has received concerning the potential consequences of non-compliance in this case weigh even more heavily, given the numerous warnings – and actual sanctions – he has faced in other cases. The second is the unfair impact upon defendants. This matter has dragged on for years – imposing significant and entirely unnecessary litigation costs upon defendants and burdens on the Court. Adding the costs and burdens of a trial seems unfair and unwarranted. As such, the Court, in its discretion, will dismiss the action under Rules 37 and 41 of the Federal Rules of Civil Procedure based upon plaintiff's egregious and unwarranted non-compliance with Court orders and failure to prosecute the action.

**Conclusion**

For the reasons set forth above, the case is DISMISSED. The Clerk of the Court is directed to enter judgment consistent with this Order and close the case.

---

[2] Those two witnesses – Dave Carr and Gregory Volpe – do not, at first blush, appear to have anything to do with the instant case. That would appear to render the proposed sanction unworkable.

[3] In fact, while Judge Lindsay makes note of "*seven* other actions O'Neal had filed with the Court," DE 180 at 2, a historical search of the ECF database (which includes closed cases), suggests that O'Neal has filed twice that number.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
September 23, 2021

/s/ Gary R. Brown
HON. GARY R. BROWN
United States District Judge